UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DRAHCIR S. PARSON,

            Plaintiff,

        -v-                                                    5:25-CV-956 (AJB/MJK)

JUDGE JULIE CAMPBELL *et al.*,

            Defendants.
_____

**APPEARANCES:**                                       **OF COUNSEL:**

DRAHCIR S. PARSON
Plaintiff, Pro Se
25-B-0213
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, NY 14411

**Hon. Anthony Brindisi, U.S. District Judge:**

### ORDER ON REPORT & RECOMMENDATION

On July 21, 2025, *pro se* plaintiff Drahcir S. Parson ("plaintiff") filed this 42 U.S.C. § 1983 action alleging that a host of defendants violated his civil rights in connection with his December 15, 2020 arrest for cashing a "fake check." Dkt. No. 1. Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. Nos. 6, 7.

On December 8, 2025, U.S. Magistrate Judge Mitchell J. Katz granted plaintiff's IFP Application and, after conducting an initial review of plaintiff's 114-page pleading, advised in a Report & Recommendation ("R&R") that plaintiff's complaint be dismissed with partial leave to amend and, if necessary, leave to commence additional actions as to named defendants whose alleged misconduct was unrelated to the core factual premise of the initial pleading. Dkt. No. 9.

Broadly speaking, Judge Katz determined that certain defendants had to be dismissed <u>without</u> leave to amend because they were immune from suit (the judges, prosecutors, private attorneys, and Monty and Michelman) and that defendants Cheyenne Cute and John Doe #49 and plaintiff's claim against J. Tyler for certain derogatory remarks had to be dismissed <u>without</u> leave to amend, too. *Id*. However, with respect to the other claims and defendants, Judge Katz recommended that plaintiff be permitted leave to amend subject to certain limitations.[1] *See id*.

Plaintiff has lodged objections. Dkt. No. 10. There, plaintiff explains that he intends to abandon some of his claims against certain defendants and acknowledges that his remaining claims "would benefit from repleading." *Id*. Even so, plaintiff objects to the dismissal with prejudice of his malicious prosecution claim because, in his view, Judge Katz misunderstood the nature of this claim, which relied on additional evidence to rebut the presumption of probable cause that arose from his indictment. *See, e.g.*, *id*. at 8. In addition, plaintiff contends that Judge Katz overlooked two of his other claims (based on speedy trial and for false imprisonment) and that Judge Katz might have confused C.O. Tyler with Sgt. Clark. *Id*. at 9–10.

Upon *de novo* review, Judge Katz's R&R is accepted and will be adopted. *See* 28 U.S.C. § 636(b)(1)(C). As plaintiff acknowledges, the confusion over these matters—to the extent there actually was any confusion in this first round of review—is principally attributable to the length and complexity of his original pleading. Thus, in addition to the other claims and defendants that Judge Katz has explicitly permitted plaintiff to attempt to replead in the R&R, plaintiff may also

---

[1] Judge Katz observed that plaintiff's claims for excessive force against Adam Raymond, Thomas Kiehle, Sgt. Clark, and C.O. Johnston, and a failure-to-protect claim against J. Tyler, were sufficiently pleaded in the original complaint. Dkt. No. 9. Even so, in light of the basic pleading deficiencies of the rest of the complaint, Judge Katz recommended that the entire pleading be dismissed so that plaintiff would have an opportunity to try to re-plead these claims (and any other permissible claims) with more clarity. *See id*.

try to replead these "overlooked" claims (for speedy trial and false imprisonment) and to clarify the "confusion" between C.O. Tyler and Sgt. Clark.

However, after reviewing the R&R in light of plaintiff's specific objections regarding his malicious prosecution claim, *i.e.*, that he identified sufficient evidence to rebut the presumption of probable cause that arose from his indictment, the Court concludes that Judge Katz's view of the case was correct. Although the dismissal of an indictment on speedy trial grounds will often qualify as a "favorable termination," *Kee v. City of N.Y.*, 12 F.4th 150, 165 (2d Cir. 2021), that is not enough to state a malicious prosecution claim. Instead, the plaintiff also needs to allege that there was an absence of "probable cause to prosecute." *See id*.

Plaintiff's objections offer reasons that, in his view, establish the absence of "probable cause to prosecute." But where, as here, the plaintiff has been indicted, that is an extraordinarily difficult thing to do. That is because the indictment creates a legal presumption of "probable cause to prosecute." Although a bit counterintuitive, this legal presumption does not "dissipate" because of later speedy trial issues in the case. *See Savino v. City of N.Y.*, 331 F.3d 63, 72 (2d Cir. 2003). Nor does this legal presumption dissipate if, as plaintiff argues, Sgt. Cute conducted a shoddy investigation and then testified to the grand jury that his results were more thorough or conclusive. *Cf. Fabrikant v. French*, 691 F.3d 193, 214–15 (2d Cir. 2012) (explaining it is "no consequence that a more thorough or more probing investigation might have cast doubt upon the situation"). Instead, because of the risk that a civil rights claim will merely become a second-guessing of the state-court grand jury process, the kind of evidence sufficient to rebut this legal presumption is relatively narrow and the standard is fairly high (even mindful of the early stage of this litigation).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 9) is ACCEPTED; and

2. Plaintiff's complaint (Dkt. No. 1) is DISMISSED with partial leave to amend as set forth in Judge Katz's R&R;

3. Plaintiff shall have THIRTY DAYS from the date of this decision in which to submit an amended complaint for review;

4. If plaintiff timely files an amended complaint, this action will be REFERRED to Judge Katz for further review and action as appropriate; and

5. If plaintiff does not timely file an amended complaint, this action will be DISMISSED without further Order of the Court.

The Clerk of the Court is directed to terminate the pending motion and set the appropriate deadlines.

**IT IS SO ORDERED.**

Dated: January 20, 2026
       Utica, New York.

Anthony J. Brindisi
U.S. District Judge