**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

DRAHCIR S. PARSON,

               Plaintiff,

         -v-                          5:25-CV-956 (AJB/MJK)

CAPTAIN NICHOLAS LYNCH *et al.*,

               Defendants.

_____

**APPEARANCES:**                               **OF COUNSEL:**

DRAHCIR S. PARSON
Plaintiff, Pro Se
25-B-0213
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, NY 14411

**Hon. Anthony Brindisi, U.S. District Judge:**

### ORDER ON REPORT & RECOMMENDATION

On July 21, 2025, *pro se* plaintiff Drahcir S. Parson ("plaintiff") filed this 42 U.S.C. § 1983 action alleging that defendants violated his civil rights in connection with his December 15, 2020 arrest for cashing a "fake check." Dkt. No. 1. Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. Nos. 6, 7.

On December 8, 2025, U.S. Magistrate Judge Mitchell J. Katz granted plaintiff's IFP Application and, after conducting an initial review of plaintiff's 114-page pleading, advised by Report & Recommendation ("R&R") that plaintiff's complaint be dismissed with <u>partial</u> leave to amend and, if necessary, leave to commence additional actions as to certain named defendants whose alleged misconduct was unrelated to the core factual premise of his initial pleading. Dkt. No. 9.

- 1 -

On January 20, 2026, this Court adopted the R&R over plaintiff's objections. Dkt. No. 11. There, the Court explained to plaintiff that he would be given an opportunity to try to replead the claims specifically identified by Judge Katz (those being dismissed <u>with</u> leave to amend) as well as a few claims that he believed were "overlooked" by the R&R (those for speedy trial and false imprisonment). *Id.* The Court further explained that plaintiff could also clarify what he termed the "confusion" between C.O. Tyler and Sgt. Clark. *Id.*

However, the Court declined to permit plaintiff an opportunity to replead several claims, including his malicious prosecution claim. Dkt. No. 11. As the Court explained in its order adopting the R&R, plaintiff had failed to identify sufficient non-conclusory factual matter to rebut the legal presumption of probable cause that arose from the state-court indictment, notwithstanding any speedy trial issues that may have later developed with respect to the criminal proceedings on that accusatory instrument.[1] *Id.* Thereafter, plaintiff filed an amended complaint. Dkt. No. 14.

On May 19, 2026, Judge Katz conducted an initial review of plaintiff's amended complaint and advised in a second R&R that the following § 1983 claims should survive initial review and require a response: (1) Fourteenth Amendment excessive force claim against Clark, Dkt. No. 16 at 9–10[2]; (2) Fourteenth Amendment excessive force claim against Johnston, Dkt. No. 16 at 12;

---

[1] Plaintiff has appealed from that determination. Dkt. No. 12. Ordinarily, a notice of appeal divests the district court of jurisdiction. *See, e.g.*, *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). But the rule governing divestiture "is guided by concerns of efficiency and is not automatic." *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996). For instance, the divestiture-of-jurisdiction rule does not apply if the notice of appeal is frivolous, untimely, or otherwise defective. *See, e.g.*, *China Nat'l Chartering Corp. v. Pactrans Air & Sea, Inc.*, 882 F. Supp. 2d 579, 595 (S.D.N.Y. 2012). As relevant here, a *pro se* litigant's attempt to take a direct appeal of an order granting him partial leave to amend fits within the "otherwise defective" category—it is not an appealable final order (even though certain claims were dismissed without leave to amend). Although a plaintiff can manufacture finality by "disclaiming any intent to amend," *Slayton v. Am. Express Co.*, 460 F.3d 215, 224 (2d Cir. 2006), this requires the litigant to "suffer voluntarily the district court's dismissal of the whole action *with prejudice*." *Rabbi Jacob Joseph School v. Province of Mendoza*, 425 F.3d 207, 210 (2d Cir. 2005) (emphasis in original). Plaintiff has not taken that approach: he has continued to pursue this action by filing an amended complaint. Dkt. No. 14. Accordingly, this Court retains jurisdiction to consider whether to adopt, modify, or reject the pending R&R.

[2] Pagination corresponds to ECF headers.

(3) Fourteenth Amendment excessive force claims against Raymond and Kiehle, Dkt. No. 16 at 13; (4) municipal-liability claims against Cortland County based on (a) excessive force not being reported, (b) officers entering cells and using excessive force, and (c) failing to properly train officers on the use of force, Dkt. No. 16 at 17–18; and (5) state-law claims against those defendants for assault and battery, Dkt. No. 16 at 23.[3]  However, Judge Katz determined that plaintiff's claims against Helms and Lynch should be dismissed.  Dkt. No. 16 at 14.

Plaintiff has lodged objections.  Dkt. No. 17.  There, plaintiff agrees that defendant Helms should be dismissed from this action but argues that Judge Katz "overlooked" his allegations related to an "illegal transfer" that is attributable to defendant Lynch, who is a policymaker concerning "substitute jail orders" that have been issued in violation of plaintiff's rights and the requirements of N.Y. Correction Law § 504.  *Id*. at 1–2 (citing Dkt. No. 14 ¶¶ 33–40).  According to plaintiff, this overlooked set of allegations against Lynch amount to a plausible conditions-of-confinement claim, especially in light of the fact that he was a pre-trial detainee who is entitled to heightened constitutional safeguards under the Fourteenth Amendment.  *See id*. at 3–5.

Upon *de novo* review, the R&R is largely accepted but will be modified in part based on plaintiff's objections.  Plaintiff is correct that his amended complaint includes a subheading entitled "unconstitutional conditions of confinement."  Dkt. No. 17 at 1 (citing Dkt. No. 14 at page 9 and referencing paragraphs 33–40).  Plaintiff is likewise correct that, under the Fourteenth Amendment, pre-trial detainees enjoy heightened constitutional safeguards.  Dkt. No. 17 at 4 (citing *Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017)).

Liberally construed, plaintiff appears to argue in his objections that defendant Lynch—as a Cortland County "policymaker"—caused plaintiff to be transferred to Auburn Correctional

---

[3]  The R&R does not identify the specific actors against whom this claim has been alleged, but it appears to be the same set of defendants being sued for excessive force.  *See* Dkt. No. 14 at 23.

Facility—a state prison—despite knowing that plaintiff had been "sexually molested" by a state corrections officer at that state-run facility at some point in the past. Dkt. No. 17 at 3.

This argument seems tenuous. Plaintiff's amended complaint does not allege much in the way of non-conclusory factual matter that might permit the reasonable inference that a conditions-of-confinement claim under this scenario is somehow actionable against Lynch, whether in his capacity as a policymaker for Cortland County or perhaps for his limited personal involvement in those events (such as in allegedly causing plaintiff's transfer to Auburn).[4] *See, e.g.*, *Vega v. Semple*, 963 F.2d 259, 273–74 (2d Cir. 2020).

Even so, in light of the threshold nature of initial review, the R&R will be modified to direct defendant Lynch to respond to this Fourteenth Amendment claim. As the Second Circuit pointed out in *Darnell*, a pre-trial detainee can bring a conditions-of-confinement claim based on *either* an official's deliberate indifference to inhumane prison conditions *or* "by proving that those conditions are punitive." 849 F.3d at 34 n.12. At this early stage, plaintiff's allegations against defendant Lynch based on this "illegal transfer" to state prison could be understood as either kind of Fourteenth Amendment conditions-of-confinement claim.

Further, the Court concludes that, out of an abundance of caution, defendant Lynch will also be directed to respond to plaintiff's related transfer-based assertion: that his Fourteenth Amendment procedural due process rights were somehow violated by defendants' improper use of state law to have him "illegally transferred" using the "substitute jail" mechanism. *See* Dkt. No. 17 at 4–5.

---

[4] Sexual abuse of an incarcerated individual by a corrections officer can give rise to its own § 1983 claim if certain requirements are met. *See Crawford v. Cuomo*, 796 F.3d 252, 257 (2d Cir. 2015). But plaintiff has not asserted that claim against defendant Lynch, which would fail.

Liberally construed, plaintiff's amended complaint appears to allege that his transfer from Cortland County to Auburn Correctional Facility (despite his status as a pre-trial detainee) violated his constitutional rights by, among other things, causing him to be placed in segregated confinement at Auburn for extended periods of time, where he missed out on out-of-cell programs and work opportunities that would have been otherwise available to him at a county jail. Dkt. 17 at 4–5; *see also* Dkt. No. 14 at 17 ¶ 33.

This claim also seems marginal. Generally speaking, a pre-trial detainee's transfer between facilities or within a prison population does not trigger due process concerns. *See Tamarez v. Hochul*, 2023 WL 4564670, at *8 (S.D.N.Y. June 30, 2023) (Report & Recommendation); *see also Corley v. City of N.Y.*, 2015 WL 5729985, at *7 (S.D.N.Y. Sept. 30, 2015). However, prolonged administrative segregation in a state prison can certainly trigger a further due process inquiry under certain circumstances. *See, e.g.*, *Giano v. Selsky*, 238 F.3d 223, 225 (2d Cir. 2001); *Parson v. Miller*, 2018 WL 4233810, at *4 –*9 (N.D.N.Y. May 25, 2018) (Report & Recommendation) (examining contours of due process liberty interest owed to pre-trial detainees), *adopted by* 2018 WL 4228427 (N.D.N.Y. Sept. 5, 2018).

And more broadly, other courts have suggested that the improper use of the "substitute jail" provision available under state law might raise due process problems under certain circumstances as well. *Compare Miller v. Sposato*, 2014 WL 2805281, at *3 (E.D.N.Y. June 20, 2014) (rejecting similar form of "illegal transfer" claim based on "substitute jail" designation), *with Washington v. City of N.Y.*, 2019 WL 2120524, at *15 (S.D.N.Y. Apr. 30, 2019) (finding procedural due process claim involving "substitute jail" designation plausibly alleged where plaintiffs were subjected to solitary confinement without notice or an opportunity to be heard).[5]

---

[5] *Washington* is likely distinguishable on multiple grounds, not the least of which being the fact that it implicated a specific provision of New York City's code related to solitary confinement.

In sum, the R&R is accepted and will be adopted as modified to direct defendant Lynch to respond to the related Fourteenth Amendment claim(s) discussed above.  Briefly stated, the Court construes those claims against defendant Lynch to be § 1983 Fourteenth Amendment claims for: (a) conditions of confinement, arising from the allegation that defendant Lynch caused plaintiff to be "illegal transfer[red]" to Auburn; and, relatedly, (b) procedural due process, arising from the allegation that defendant Lynch's improper use of the "substitute jail" designation caused plaintiff to be inappropriately segregated for extended periods of time and/or deprived of out-of-cell time that should have been otherwise available to him.

Therefore, it is

ORDERED that

1.  The Report & Recommendation (Dkt. No. 16) is ACCEPTED as modified;

2.  The following § 1983 claims in plaintiff's amended complaint (Dkt. No. 14) survive initial review and require a response: (1) Fourteenth Amendment excessive force claim against Clark; (2) Fourteenth Amendment excessive force claim against Johnston; (3) Fourteenth Amendment excessive force claims against Raymond; (4) Fourteenth Amendment excessive force claim against Kiehle; (5) municipal-liability claims against Cortland County based on (a) excessive force not being reported, (b) officers entering cells and using excessive force, and (c) failing to properly train officers on the use of force; (6) state-law claims against Clark, Johnston, Raymond, and Kiehle for assault and battery; and (7) Fourteenth Amendment claims against Lynch for (a) conditions of confinement; and (b) procedural due process.

3.  Plaintiff's remaining claims, including his claims against Helms, are DISMISSED without leave to further amend; and

- 7 -

4.   Defendants Clark, Johnston, Raymond, Kiehle, Lynch, and Cortland County shall RE-SPOND to the remaining claims in the amended complaint; and

5.   This matter is REFERRED to Judge Katz for an appropriate order related to service on the remaining defendants.

The Clerk of the Court is directed to terminate the pending motion.

**IT IS SO ORDERED.**

Dated:  June 22, 2026
         Utica, New York.

Anthony J. Brindisi
U.S. District Judge